United States District Court
Southern District of Texas
**ENTERED**
May 30, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| IVORY JOHNSON, § | |
| § | |
| Plaintiff, § | |
| V. § | CIVIL ACTION NO. 2:23-CV-00140 |
| § | |
| WARDEN NUNEZ, § | |
| § | |
| Defendant. § | |

## ORDER OF DISMISSAL

Plaintiff Ivory Johnson, a Texas inmate currently confined at the Garza West Unit in Beeville, Texas, has filed this pro se prisoner civil rights complaint pursuant to 42 U.S.C. § 1983. (D.E. 1). Pending before the Court is Plaintiff's motion seeking leave to proceed *in forma pauperis* in this action. (D.E. 2). However, as discussed below, Court records reveal that Plaintiff is ineligible to proceed *in forma pauperis* and must pay the full filing fee to proceed.

Prisoner civil rights actions are subject to the provisions of the Prison Litigation Reform Act, including the three strikes rule, 28 U.S.C. § 1915(g). The three strikes rule provides that a prisoner who has had, while incarcerated, three or more actions or appeals dismissed as frivolous, malicious, or for failure to state a claim upon which relief can be granted is prohibited from bringing any more actions or appeals *in forma pauperis*. 28 U.S.C. § 1915(g); *Baños v. O'Guin,* 144 F.3d 883, 884 (5th Cir. 1998) (per curiam); *Adepegba v. Hammons,* 103 F.3d 383, 388 (5th Cir. 1996). The three strikes rule provides an exception permitting prisoners who are under imminent danger of physical harm to proceed without prepayment of the filing fee. 28 U.S.C. § 1915(g); *Baños,* 144 F.3d at 884.

Plaintiff has had three prior actions dismissed as frivolous, malicious, or for failure to state a claim for relief. *See Johnson v. Unk. Grievance Board Supervisor,* No. 4:22-cv-3033 (S.D. Tex. Sep. 23, 2022) (dismissed as frivolous and for failure to state a claim for relief); *Johnson v. Perkins,* No.

4:22-cv-2205 (S.D. Tex. Jul. 20, 2022) (dismissed as frivolous and malicious); *Johnson v. Jefferson,* No. 4:21-cv-3011 (S.D. Tex. Mar. 9, 2023) (dismissed for failure to state a claim for relief). Plaintiff, therefore, is barred from proceeding *in forma pauperis* in this prisoner civil rights action unless he can show he is under imminent danger of serious physical injury.

This Court must assess whether Plaintiff was exposed to imminent danger of serious injury at the time he filed this complaint. *Choyce v. Dominguez,* 160 F.3d 1068, 1071 (5th Cir. 1998) (per curiam) (citing *Baños,* 144 F.3d at 884–85). To satisfy the imminent danger requirement of § 1915(g), the threat must be "real and proximate." *Ciarpaglini v. Saini,* 352 F.3d 328, 330 (7th Cir. 2003) (citation omitted). In addition, the harm must be imminent or occurring at the time the complaint is filed, and the plaintiff must refer to a "genuine emergency" where "time is pressing." *Heimermann v. Litscher,* 337 F.3d 781, 782 (7th Cir. 2003) (per curiam) (citation omitted). Congress intended a safety valve to prevent impending harms, not those injuries that allegedly had already occurred. *Abdul–Akbar v. McKelvie,* 239 F.3d 307, 315 (3d Cir. 2001) (en banc).

Plaintiff alleges in his complaint that he is "being deprived of his time," that prison officials have falsified documents, which threaten to place Plaintiff in lockdown should he refuse to see mental health, that inmates are being housed with Plaintiff to cause him to steal property and become involved in criminal acts, and that he was falsely imprisoned based on fabricated documents. (D.E. 1, p. 4). Plaintiff's allegations fail to suggest he was exposed to imminent danger of serious injury at the time he submitted this action.

Because he has failed to allege that he was in imminent danger of physical harm at the time he filed the complaint, he is barred from proceeding *in forma pauperis*. Accordingly, Plaintiff's motion seeking leave to proceed *in forma pauperis* is **DENIED**, (D.E. 2), and his complaint is **DISMISSED without prejudice**, (D.E. 1). The Clerk of Court is **DIRECTED** to send a copy of this Order to the "Manager of the Three Strikes List for the Southern District of Texas at

Three_Strikes@txs.uscourts.gov" and is further **DIRECTED** to **CLOSE** this case. Plaintiff may move to reinstate this action within **thirty (30) days** of the date of the entry of this Order, but only if the appropriate $402.00 filing fee is paid simultaneously with the motion to reinstate.

SO ORDERED.

_____
DAVID S. MORALES
UNITED STATES DISTRICT JUDGE

Dated: Corpus Christi, Texas
May 30, 2023